UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER P.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | NO: 1:22-CV-3167-TOR<br><br>ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF |

BEFORE THE COURT are the parties' briefs which are effectively cross motions for summary judgment (ECF Nos. 13, 15). The motions were submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, Plaintiff's Opening Brief (ECF No. 13) is **DENIED,** and Defendant's Brief (ECF No. 15) is **GRANTED**

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation

omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity, defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 5

numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff initially applied for a period of disability and Title II disability insurance benefits on May 14, 2018, alleging disability beginning September 9, 2017. Tr. 135. The claim was denied initially on October 17, 2018, and upon reconsideration on February 1, 2019. *Id*. Following a telephonic hearing before an administrative law judge ("ALJ") on May 6, 2020, the ALJ denied Plaintiff's claim on June 3, 2020. *Id*.; Tr. 132. The Appeals Council remanded the decision for further evaluation by the ALJ. Tr. 17. The ALJ held another telephonic hearing on August 3, 2021. *Id*. The ALJ again denied Plaintiff's claim on September 1, 2021. Tr. 31. Plaintiff seeks judicial review of that decision. ECF No. 13.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 9, 2017, the alleged onset date. Tr. 20. At step two, the ALJ found Plaintiff had the following severe impairments: depression, anxiety disorder, and substance abuse. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 21. The ALJ then found Plaintiff had a residual functional capacity to perform a full range of work at all exertional levels with the following additional limitations:

> [Plaintiff] is limited to occasional contact with others, including supervisors, co-workers, and the public. She [is] limited to stable work routines that are characteristic of simple to detailed tasks that can be learned in up to 3 months and a job without time pressures.

Tr. 22–23.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 23. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 30. Those jobs included (1) laundry laborer, (2) janitor, and (3) hand packager. *Id*. Notably, the ALJ considered the combined effects of Plaintiff's impairments, including polysubstance abuse. Tr. 31. However, the totality of the evidence did not indicate disabling limitations; therefore, the issue of polysubstance abuse was not material to the determination of disabling limitations. *Id*. Consequently, the ALJ concluded Plaintiff has not been disabled within the meaning of the Social Security Act, from September 9, 2017, through September 1, 2021, the date of the ALJ's decision. *Id*.

## ISSUES

Plaintiff seeks judicial review of the ALJ's final decision denying her disability insurance benefits under Title II of the Social Security Act. Plaintiff raises the following issues:

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 7

1. Whether the ALJ err by failing to properly evaluate Plaintiff's symptom testimony; and

2. Whether the ALJ erred by failing to properly evaluate the medical opinion testimony.

ECF No. 13 at 2.

# DISCUSSION

### A. Subjective Symptom Testimony

Plaintiff argues the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony. ECF No. 13 at 3. An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)).

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 8

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (citation omitted); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (citation omitted).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or

other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7–8; 20 C.F.R. § 404.1529(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 23. In arriving at this conclusion, the ALJ considered several of the factors described above.

With regard to daily activities, the ALJ noted Plaintiff testified to performing a range of activities, such as shopping in stores, doing karaoke, going out alone, dating, traveling to Montana, attending church, eating at restaurants, playing pickleball, bowling, and exercising at the recreation center. Tr. 24. The ALJ found these statements inconsistent with Plaintiff's claimed inability to interact with others. *Id.* (citations to the record omitted). Further, Plaintiff testified she is "fine" when she is around others, so long as she is not interacting with them directly. *Id.* Plaintiff also testified that she lived alone and helped her boyfriend's mother with cleaning and shopping. *Id.* Plaintiff denied having difficulty caring for herself and stated she cared for her dog, including hiking with her dog. *Id.* Plaintiff also testified that she drove and prepared meals, engaged in craft-making,

1    and enjoyed gardening, fishing, and playing billiards. *Id.* The ALJ concluded
2    Plaintiff's testimony of daily independent living did not support her claimed degree
3    of impairment. *Id.*

4    In terms of the persistence and intensity of Plaintiff's symptoms, the ALJ
5    found the record did not support Plaintiff's claimed mental health deficits. Tr. 23.
6    Specifically, the record did not show regular hospitalizations or additional suicide
7    attempts, particularly when Plaintiff was regularly attending mental health
8    treatment. Tr. 24. Relatedly, the ALJ observed Plaintiff's attempted suicide at the
9    alleged onset date occurred in the context of alcohol intoxication; therefore,
10   alcohol was an aggravating factor to Plaintiff's symptoms. *Id.* Although Plaintiff
11   testified that she drank only a glass of wine at night, the record indicated upwards
12   of four to six drinks per day in 2019. *Id.* Moreover, the record did not reflect
13   regular mental health treatment in the months leading up to the suicide attempt on
14   the alleged onset date. *Id.* As to the 2020 suicide attempt, Plaintiff had previously
15   declined psychotherapy and did not follow up with mental health providers
16   following the 2020 attempt. *Id.* Additionally, despite testifying to several panic
17   attacks per day, she reported only one to two panic attacks per month to treatment
18   providers. *Id.* The ALJ also noted the record did not reflect evidence of panic
19   attacks upon examination or the need for urgent care to address panic attacks. *Id.*
20   The Court finds the ALJ cited to substantial evidence to support her

conclusion that Plaintiff's symptom testimony was inconsistent with the evidence in the record.  It is the ALJ's duty to resolve conflicts in the record, and where the ALJ arrives at a rational conclusion that is supported by the record, the ALJ's decision must stand.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

### B. Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of the medical opinion evidence.  Specifically, Plaintiff argues the ALJ improperly rejected the medical opinions of Dr. MacDowell, Dr. Hill, APRN Sawyer, Dr. Fackrell, PMHNP Alderman, and Dr. Everett.  ECF No. 13 at 11–21.  For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence.  20 C.F.R. § 404.1520c; *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The ALJ applied the new regulations because Plaintiff's claims were filed after March 27, 2017.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 404.1520c(a)–(b).  The factors for

evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. § 404.1520c(b)(2). These factors are explained as follows:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(2). However, where two or more medical opinions or prior

administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered. 20 C.F.R. § 404.1520c(b)(2).

These regulations displace the Ninth Circuit's standard that require an ALJ to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). As a result, the ALJ's decision for discrediting any medical opinion "must simply be supported by substantial evidence." *Id.*

### 1. Dr. MacDowell, Psy.D.

Dr. MacDowell opined that Plaintiff's ability to relate to other people, tolerate work stress, respond to supervision, and respond to coworkers was seriously impaired. Tr. 26. The ALJ found this opinion somewhat persuasive. *Id.* While the inclusion of mental health restrictions was consistent with the record and with some opinions from other medical providers, the ALJ found Dr. MacDowell's opinion "rather vague." *Id.* In particular, Dr. MacDowell failed to identify specific functional limitations with regard to Plaintiff's "seriously" impaired abilities. Tr. 27.

The ALJ found Dr. MacDowell's opinion unpersuasive to the extent it suggested Plaintiff was more restricted in her abilities than what was reflected in

her RFC.  *Id.*  The ALJ noted Dr. MacDowell examined Plaintiff during a time in which Plaintiff was drinking heavily, but Dr. MacDowell did not evaluate the materiality of Plaintiff's alcohol and drug use.  *Id.*  Accordingly, the opinion was not consistent with the record as a whole and not fully supported by the consultative examine itself.  *Id.* (citations to the record omitted).

The Court finds the ALJ provided substantial evidence for finding Dr. MacDowell's opinion not persuasive.

### 2. Dr. Hill, M.D.

Dr. Hill opined that Plaintiff had been unable to engage in full-time employment and unable to function as needed since September 2017.  Tr. 27.  The ALJ found this opinion unpersuasive because Dr. Hill examined Plaintiff a single time in 2020 and relied almost exclusively on Plaintiff's subjective symptom complaints to form his opinion.  *Id.*  Notably, Dr. Hill specialized in family medicine, not psychiatry.  *Id.*  Dr. Hill also did not evaluate the materiality of Plaintiff's drug and alcohol abuse.  *Id.*  Further, Plaintiff acknowledge during the hearing that she saw Dr. Hill for her SSA claim because Dr. Hill was good at writing SSA evaluations; she did not select him to establish treatment.  *Id.*  Finally, the ALJ found Dr. Hill's report unsupported by his examination of Plaintiff, which failed to identify specific clinical finding that would support his conclusion regarding Plaintiff's ability to function.  *Id.*

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 15

The Court finds the ALJ provided substantial evidence for finding Dr. MacDowell's opinion not persuasive.

### 3. ARNP Sawyer

ARNP Sawyer opined that Plaintiff had "marked" and "extreme" limitations in her ability to function, would be off task more than 50% of the time, and would miss work 15 to 20 days per month. Tr. 28. The ALJ found the opinion not well-supported. *Id.* The opinion was provided in a check-box form that did not identify specific clinical findings to support the degree of impairment. The opinion was also not supported by treatment notes. *Id.* The ALJ also concluded the opinion was not consistent with the record as a whole, particularly Plaintiff's reports of independence in her daily living, as well as the objective medical evidence. *Id.* (citations to the record omitted).

The Court finds the ALJ provided substantial evidence for finding ARNP Sawyer's opinion not persuasive.

### 4. Dr. Fackrell, D.O.

Dr. Fackrell opined that Plaintiff's severe anxiety and depression made it extremely difficult for her to engage in work functions. Tr. 28. The ALJ found the opinion vague, as it failed to set forth specific work functions in vocationally relevant terms. *Id.* The opinion was also not supported by Dr. Fackrell's examination because the exam focused on Plaintiff's physical, rather than mental,

well-being. *Id.* Further, Dr. Fackrell's opinion was not supported by the overall record, which demonstrated Plaintiff's ability to engage in daily activities and reflected that Plaintiff was generally alert and oriented with logical thoughts, had normal communication, intact associations and memory, and maintained appropriate eye contact and attention. *Id.* (citations to the record omitted).

The Court finds the ALJ provided substantial evidence for finding Dr. Fackrell's opinion not persuasive.

5.  *PMHNP Alderman*

PMHNP Alderman opined that Plaintiff was unable to appropriately deal with interactions, deadlines, or stress. Tr. 28. The ALJ found the opinion rather vague because it did not set forth Plaintiff's specific restrictions in vocationally relevant terms. *Id.* The ALJ also found the opinion unsupported by Ms. Alderman's own records. Tr. 29. In particular, the records indicated Plaintiff was alert and oriented with normal appearance, normal language, logical thoughts, and had intact attention, associations, and memory. *Id.* Such findings did not support Ms. Alderman's findings that Plaintiff was unable to handle interactions, deadlines, and stress. *Id.* Further, the ALJ found the opinion inconsistent with other medical opinions and Plaintiff's own hearing testimony. *Id.* (citations to the record omitted).

The Court finds the ALJ provided substantial evidence for finding Ms.

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 17

1  Alderman's opinion not persuasive.

      *6. Dr. Everett, Psy.D.*

  Dr. Everett that Plaintiff was "too overwhelmed to function" until August 2018. Tr. 29. The ALJ found the opinion unsupported and inconsistent with the overall record. *Id.* Specifically, the ALJ noted Dr. Everett's opinion was primarily based on Plaintiff's own subjective complaints and failed to set forth specific restrictions in vocationally relevant terms. *Id.* The opinion also reflected a 12-month gap in Plaintiff's history and was not supported by Dr. Everett's findings that Plaintiff was depressed but maintained clear speech and good eye contact, had intact attention and concentration, and appeared with appropriate grooming. *Id.* Dr. Everett's opinion was further inconsistent with Plaintiff's testimony that she engaged in a range of daily activities and independent living. *Id.* Finally, Dr. Everett's opinion was not consistent with other objective medical records. *Id.* (citations to the record omitted).

  The Court finds the ALJ provided substantial evidence for finding Dr. MacDowell's opinion not persuasive.

      *7. Other Statements from Medical Opinion Evidence*

  Plaintiff challenges the ALJ's conclusion with regard to other statements made by medical providers that Plaintiff was unable to work. ECF No. 13 at 21; Tr. 28 (citations to the record omitted). The ALJ concluded the statements failed

to identify work restrictions, and therefore, were inherently neither valuable nor persuasive. *Id.* The Court finds the ALJ permissibly rejected the statements in accordance with 20 C.F.R. § 404.1520b.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Opening Brief (ECF No. 13) is **DENIED.**

2. Defendant's Brief (ECF No. 15) is **GRANTED**.

The District Court Executive is directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

DATED June 22, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 19